MABRY *v.* JOHNSON *et al.*

1. The county surveyor's return with simply his certificate that he had correctly platted and laid off the homestead lands, in the absence of his affidavit to that fact, was not sufficient to authorize the ordinary to approve the homestead.
2. The surveyor's affidavit being part of the homestead record, and without it the ordinary not being authorized to approve the application, it cannot be shown, in a subsequent proceeding involving the validity of the homestead, that the surveyor did swear orally to his return before the ordinary.

April 23, 1890.

Homestead. Evidence. Record. Before Judge JENKINS. Madison superior court. September term, 1889.

Mrs. Mabry by her petition alleged that her husband, about September 7, 1874, applied for a homestead for her and himself in certain lands described, and had them set apart as a homestead on September 23, 1874. He died intestate. S. C. O'Kelley was appointed his administrator, and as such sold the lands as though they were not homestead property, on the first Tuesday

in May, 1886.  They were bid off by petitioner's son for $150, and he being unable to pay for them, G. T. Johnson agreed to furnish him the money, if said son would pay Johnson $165 on the first day of January following.  He allowed the deed to be made by the administrator to Johnson to secure Johnson for the advance, which advance was paid by Johnson in accounts against petitioner, in attorney's fees and costs of administration, advertising the land for sale and selling it, etc., none of which were proper charges to subject homestead property to sale.  Johnson has bargained the land to one Carithers, and Carithers is on it cutting timbers, clearing it and using it for his own purposes, notwithstanding the fact that petitioner has often forbade his doing so.  Johnson took the deed with full notice that the property was covered by a homestead, and Carithers also had full notice of this before he bargained for it.  The administration upon the property and the sale under the administration were all illegal.  Johnson and Carithers are jointly and collusively depriving petitioner of the benefit and use of the property, etc.  Petitioner prayed for process directed to Johnson and Carithers; that the deed from O'Kelley to Johnson be delivered up and cancelled; that possession of the property be restored to her; that Johnson and Carithers be required to pay her rents; that such others as might be necessary be made parties to this proceeding by the usual rule; and for general relief.  Attached as an exhibit is the petition of her husband to the ordinary of Madison county, for a homestead and exemption under the constitution of 1868.  In the schedule of property attached to the petition, the petitioner claimed as exempt "235 acres of land, worth less than $2,000," together with certain personalty.  This petition was filed September 10, 1874, and was examined and approved by the ordinary September

23, 1874. Accompanying it was a plat of the land set apart, and a certificate of the county surveyor that the plat represented the homestead as surveyed by him and that it was not worth more than $2,000. This certificate was dated September 23, 1874, and was signed by the county surveyor but was not sworn to. It was examined and approved by the ordinary on the same day, and was recorded the next day.

Defendants demurred to the petition because the exhibit thereto showed that plaintiff's husband never had a valid homestead, but that the homestead was irregular and showed that there was no affidavit made by the surveyor as the law required, and no order to the surveyor. The plaintiff asked to be allowed to amend the return of the surveyor, by having the surveyor make the affidavit required by law, he being then in court and ready and offering to make it. This motion the court overruled. Plaintiff then amended her declaration by alleging that while the return of the county surveyor did not show affirmatively that the return was made on oath, the affidavit required by law not appearing in writing, yet in truth the surveyor did verbally make oath to the return in all the particulars required by law, upon the return of the plat to the ordinary and before the ordinary passed upon the same. The demurrer was sustained, and the plaintiff excepted.

D. W. MEADOW and B. T. MOSELY, for plaintiff.

THOMAS & STRICKLAND, for defendants.

SIMMONS, Justice.

1. There was no error in the court sustaining the demurrer to the petition in this case and dismissing the same. The homestead papers, which were attached to the petition as an exhibit, showed that the surveyor of the county had simply attached his certificate that he had correctly platted and laid off the homestead, in-

stead of making an affidavit to that fact as section 2008 of the code requires. In the case of *Falls* v. *Crawford*, 76 *Ga.* 35, this court held that a return made by a surveyor, not sworn to, was not sufficient to authorize the ordinary to approve the homestead.

2. The petition was amended, in substance, by alleging that while the surveyor made no affidavit in writing, yet he did swear orally to his return before the ordinary, and that therefore the court should not have dismissed the case, but should have allowed the plaintiff to prove the allegations in the amendment. The statute requires that the surveyor shall make an affidavit and return it to the ordinary before the day appointed in the order for passing upon said application. This affidavit then becomes a part of the record in the case. The ordinary cannot act until it is made. The plat and the valuation made by the surveyor, and sworn to by him in a written affidavit, must be had by the ordinary before he can approve the application for homestead. Without them he has no right to approve said application. They then become parts of the record in the case, and are recorded by the clerk as parts thereof. We do not think, therefore, that the court erred in refusing to allow the plaintiff to prove that the surveyor swore orally to the plat and the valuation.                *Judgment affirmed.*